UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BENNY JOHNSON AND                    CASE NO.:  4:17-CV-00191-CDL
DALTON RAY JOHNSON, ON
BEHALF OF THEMSELVES
AND THOSE SIMILARLY
SITUATED,

     Plaintiffs,

vs.


LANDTEK, INC.,  a  Domestic
Profit Corporation, and LUCIEN
LONGLAIS, Individually,

     Defendants.       /


## DEFENDANTS' LUCIEN LONGLAIS AND LANDTEK, INC., PROPOSED JURY INSTRUCTIONS

COME NOW, Defendants Lucien Longlais and Landtek, Inc., in the above-styled action, and pursuant to the Court's Order Setting Pretrial Conference (ECF No. 22), attaches their proposed jury instructions hereto as Exhibit "A".

1

This <u>16th</u> day of August, 2018.

HALL, BOOTH, SMITH, P.C.

By: <u>/s/ Melanie V. Slaton</u>

Melanie V. Slaton

Post Office Box 2707                Georgia Bar No. 539960
Columbus, Georgia 31902          Drew Brooks
T: (706) 494-3818                   Georgia Bar No. 733361
F: (706) 494-3828                   *Attorneys For  Defendants*

65738395-1
9180-0003

# EXHIBIT A

65738395-1
9180-0003

## Defendants' Proposed Jury Instructions

## INDEX

1.   General Preliminary Instruction

2.   Jury Questions

3.   Interim Statements

4.   The Duty to Follow Instructions – Corporate Party Involved

5.   Use of Depositions

6.   Use of Interrogatories/Admissions

7.   Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

8.   Credibility of Witnesses

9.   Impeachment of Witnesses Because of Inconsistent Statements

10.  Nature of the Claim

11.  The Fair Labor Standards Act

12.  Essential Elements of Plaintiffs' Claims

13.  Definitions

14.  Causation

15.  Defenses

16.  Damages – Nonwillful Violation

65738395-1
9180-0003

17.    Damages – Willful Violation

18.    Damages – No Punitive or Exemplary Damages

19.    Election of Foreperson Explanation of Verdict Form[s]

65738395-1
9180-0003

## 1. General Preliminary Instruction

<u>Members of the Jury:</u>

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty:</u>

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though

65738395-1
9180-0003

the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example,

65738395-1
9180-0003

a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**<u>AUTHORITY</u>:** Pattern Civ. Jury Instr. 11th Cir. 1.1 (2018)

Given: _____

Modified: _____

Refused: _____

Withdrawn: _____

65738395-1
9180-0003

2.   **Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to

65738395-1
9180-0003

answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

65738395-1
9180-0003

**<u>AUTHORITY</u>:** Pattern Civ. Jury Instr. 11th Cir. 1.4 (2018)

Given: _____

Modified: _____

Refused: _____

Withdrawn: _____

65738395-1
9180-0003

### 3. Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**AUTHORITY:** Pattern Civ. Jury Instr. 11th Cir. 1.5 (2018)

Given:                  _____

Modified:            _____

Refused:             _____

Withdrawn:        _____

65738395-1
9180-0003

## 4.   The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

65738395-1
9180-0003

**<u>AUTHORITY:</u>** Pattern Civ. Jury Instr. 11th Cir. 3.2.2 (2018)

Given: _____

Modified: _____

Refused: _____

Withdrawn: _____

65738395-1
9180-0003

5.     **Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Portions of the depositions of Benny Johnson, Dalton Ray Johnson, Daniel McCrary, and Lucien Longlais, taken on March 1, 2018, may be presented to you by reading from the transcripts. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**AUTHORITY:** Pattern Civ. Jury Instr. 11th Cir. 2.2 (2018)

Given:                  _____

Modified:              _____

Refused:               _____

Withdrawn:             _____

65738395-1
9180-0003

6.    Use of Interrogatories/Admissions

You will hear or have heard answers that Defendants gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Defendants gave the answers in writing while under oath.

You must consider Defendants' answers to them as though Defendants' gave the answers on the witness stand.

**AUTHORITY:** Pattern Civ. Jury Instr. 11th Cir. 2.6 (2018)

Given:              _____

Modified:          _____

Refused:           _____

Withdrawn:        _____

7.   **Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal

65738395-1
9180-0003

difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY**: Pattern Civ. Jury Instr. 11th Cir. 3.3 (2018)

Given:            _____

Modified:       _____

Refused:         _____

Withdrawn:     _____

8.    **Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

· Did the witness impress you as one who was telling the truth?

· Did the witness have any particular reason not to tell the truth?

· Did the witness have a personal interest in the outcome of the case?

· Did the witness seem to have a good memory?

· Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

· Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other

evidence?

**<u>AUTHORITY:</u>** Pattern Civ. Jury Instr. 11th Cir. 3.4 (2018)

Given:                      _____

Modified:                 _____

Refused:                  _____

Withdrawn:             _____

9.      **Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY:** Pattern Civ. Jury Instr. 11th Cir. 3.5.1 (2018)

Given:            _____

Modified:         _____

Refused:          _____

Withdrawn:        _____

10.    **Nature of the Claim**

This case arises under the Fair Labor Standards Act. This federal law provides for the payment of time-and-a-half overtime pay. Plaintiffs claim Defendants did not pay Plaintiffs the time-and-a-half overtime pay as required by the Fair Labor Standards Act.

Defendants deny Plaintiffs claims on the grounds that Plaintiff Benny Johnson was a manager of Defendant Landtek, Inc., and was paid on a salary basis, and therefore was not entitled to time-and-a-half overtime pay. Defendants further deny that Plaintiffs are entitled to time-and-a-half overtime pay on grounds that Plaintiff Benny Johnson had control and authority over hours worked by Plaintiffs, and it was his responsibility to oversee employee compensation if any overtime hours were worked by Plaintiffs.

65738395-1
9180-0003

**<u>AUTHORITY:</u>** 3C Fed. Jury Prac. & Instr. § 175:1 (6th ed.)

Given:           _____

Modified:       _____

Refused:         _____

Withdrawn:     _____

11.    **The Fair Labor Standards Act**

The Fair Labor Standards Act requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce a minimum wage of not less than $7.25/hour.

The Fair Labor Standards Act prohibits covered employers from employing a non-exempt employee engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensation for employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which the employee is employed.

**AUTHORITY:**  3C Fed. Jury Prac. & Instr. § 175: 10,11 (6th ed.)

Given:               _____

Modified:            _____

Refused:             _____

Withdrawn:           _____

65738395-1
9180-0003

12.   **Essential Elements of Plaintiffs' Claim**

Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: That each Plaintiff was an employee engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: That Defendants failed to pay Plaintiffs the overtime pay required by law.

With respect to the first issue—that Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce—the term "commerce" has a broad meaning and includes any trade, transportation, transmission or communication between any place within a state and any place outside that state. Plaintiffs were engaged in the "production of goods" if Plaintiffs were employed in producing, manufacturing, mining, handling or transporting goods, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of goods. An enterprise engaged in commerce or the production of goods for

commerce means an enterprise that has employees engaged in commerce or production of goods for commerce and has annual gross sales of at least $500,000.00.

The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

Defendants claim that even if you should find Plaintiffs have proved all the necessary facts that must be proved to establish this claim, the overtime pay law does not apply to Plaintiff Benny Johnson because of an exemption from these requirements.

65738395-1
9180-0003

However, if Defendants have satisfied you by a preponderance of the evidence that it they are exempt from the overtime pay law, then your verdict should be for defendant.

If, however, you find Plaintiffs have proved the claim, and Defendants have failed to establish an exemption, then you must turn to the question of damages that Plaintiffs are entitled to recover.

The measure of damages is the difference between what Plaintiffs should have been paid under the Fair Labor Standards Act and the amount you find Plaintiffs actually were paid.

**AUTHORITY:** 3C Fed. Jury Prac. & Instr. § 175:20 (6th ed.)

Given: _____

Modified: _____

Refused: _____

Withdrawn: _____

65738395-1
9180-0003

## 13.   Definitions

The "regular rate of pay" is the hourly rate actually paid to the employee for the normal, nonovertime workweek for which the employee is employed. Where an employee is employed solely on a weekly salary basis, the employee's regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number hours that the salary is intended to compensated.

An employee must be paid not only for all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer or the employer's business.

The unit of measurement for determining compliance with the minimum wage requirement is the workweek, defined as 168 hours, or seven consecutive days. Each workweek is considered separately and a workweek in which an employee receives less than the minimum wage cannot be averaged with one in which the employee receives more than the statutory minimum.

65738395-1
9180-0003

If Defendants knew or showed reckless disregard for that fact that its conduct was prohibited by the Fair Labor Standards Act, then its conduct was willful.

If Defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

**AUTHORITY:** 3C Fed. Jury Prac. & Instr. § 175: 32 - 35 (6th ed.)

Given: _____

Modified: _____

Refused: _____

Withdrawn: _____

## 14.   Causation

Plaintiffs have the burden of proving each and every element of their claim by a preponderance of the evidence. If you find Plaintiffs have not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendants.

Defendants   have the burden of proving each element of Defendants' affirmative defenses by a preponderance of the evidence.

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

65738395-1
9180-0003

**<u>AUTHORITY:</u>** 3C Fed. Jury Prac. & Instr. § 175: 40, 41 (6th ed.)

Given:             _____

Modified:          _____

Refused:           _____

Withdrawn:          _____

## 15.   Defenses

If you find Plaintiffs have proved each of the elements that plaintiff must establish in support of their claims, you must then consider Defendants' defense as to which Defendants' have the burden of proof by a preponderance of the evidence.

Defendants claim that even if you should find Plaintiffs have proved all the necessary facts that must be proved to establish this claim, the overtime pay law does not apply because of an exemption from these requirements.

The particular exemption claimed by the Defendants is that Plaintiff Benny Johnson was employed by Defendant Landtek, Inc., in a bona fide executive capacity.

In order to receive the benefit of this exemption, Defendants have the burden of proving by a preponderance of the evidence that Plaintiff Benny Johnson made over $455.00 each week, his primary duties were management, and he and he customarily and regularly directed the work of two or more employees or their equivalent.

**<u>AUTHORITY:</u>** 3C Fed. Jury Prac. & Instr. § 175:50 (6th ed.)

Given:              _____

Modified:          _____

Refused:           _____

Withdrawn:        _____

**16.    Damages – Nonwillful Violation**

If you find Plaintiffs have satisfied their burden of proving the essential elements of their claims by a preponderance of the evidence, and Defendants have not met its burden of proving the existence of an exemption by a preponderance of the evidence, then you should determine what amount of money would compensate the Plaintiffs.

The measure of damages is the difference between what Plaintiffs should have been paid under the Fair Labor Standards Act and the amount that you find Defendants actually paid Plaintiffs.

You should find as damages to be awarded in favor of Plaintiffs the amount of money that will compensate Plaintiffs for the difference between what Plaintiffs have been paid by Defendants and what the Fair Labor Standards Act required Defendants to pay Plaintiffs. You must calculate this amount for each year beginning on April 15, 2015 until April 15, 2017 for Plaintiff Benny Johnson, February 2015 until February 2017 for Plaintiff Dalton Ray Johnson, and April 2015 until April 2017 for Plaintiff Daniel McCrary.

**AUTHORITY:** 3C Fed. Jury Prac. & Instr. § 175:60 (6th ed.)

Given:          _____

Modified:       _____

Refused:        _____

Withdrawn:      _____

## 17.  Damages – Willful Violation

If you find Plaintiff  has satisfied Plaintiffs' burden of proving the essential elements of Plaintiffs' claim by a preponderance of the evidence, and Defendants have not met their burden of proving the existence of an exemption by a preponderance of the evidence, then you should determine what amount of money would compensate the Plaintiffs.

You should find as damages to be awarded in favor of Plaintiffs the amount of money that will compensate Plaintiffs for the difference between what Plaintiffs have been paid by Defendants and what the Fair Labor Standards Act required Defendants to pay Plaintiffs. You must calculate this amount for each year beginning on on April 15, 2015 until April 15, 2017 for Plaintiff Benny Johnson, February 2015 until February 2017 for Plaintiff Dalton Ray Johnson, and April 2015 until April 2017 for Plaintiff Daniel McCrary.

65738395-1
9180-0003

**<u>AUTHORITY:</u>** 3C Fed. Jury Prac. & Instr. § 175:61 (6th ed.)

Given: _____

Modified: _____

Refused: _____

Withdrawn: _____

18.     **Damages – No Punitive or Exemplary Damages**

If you determine Plaintiffs are entitled to damages, in determining the amount of Plaintiffs' damages you may not include or add to the damages any sum for the purpose of punishing Defendants or serving as an example to warn others.

**AUTHORITY:** 3C Fed. Jury Prac. & Instr. § 175:62 (6th ed.)

Given:                    _____

Modified:                 _____

Refused:                  _____

Withdrawn:                _____

**19.    Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

(Explain Verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and   I'll      respond      as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time.

That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**<u>AUTHORITY</u>:** Pattern Civ. Jury Instr. 11th Cir. 3.9 (2018)

Given:                  _____

Modified:              _____

Refused:               _____

Withdrawn:           _____

65738395-1
9180-0003

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BENNY JOHNSON and DALTON RAY          *
JOHNSON, on behalf of themselves and those   *
similarly situated,                    *
                                       *        CIVIL ACTION
               Plaintiffs,             *        FILE NUMBER:
                                       *        4:17-cv-00191-CDL
v.                                     *
                                       *
LANDTEK, INC., a Domestic Profit       *
Corporation, and LUCIEN LONGLAIS,      *
Individual,                            *
                                       *
               Defendants.             *

## CERTIFICATE OF SERVICE

I hereby certify that I have this the <u>16th</u> day of August, 2018, served a copy

of the **Defendants' Lucien Longlais and Landtek, Inc. Proposed Jury**

**Instructions** upon all parties by mailing a true copy of the same via first class mail

to:

C. Ryan Morgan, Esq.
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 14th Floor
Post Office Box 4979
Orlando, Florida 32802-4979

65738395-1
9180-0003

This <u>16th</u> day of August, 2018.

HALL, BOOTH, SMITH, P.C.

By: <u>/s/ Melanie V. Slaton</u>
    Melanie V. Slaton

Post Office Box 2707       Georgia Bar No. 539960
Columbus, Georgia 31902     Drew Brooks
T: (706) 494-3818         Georgia Bar No. 733361
F: (706) 494-3828         *Attorneys For  Defendants*

65738395-1
9180-0003