```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

BENNY JOHNSON, DALTON RAY         *
JOHNSON and DANIEL MCCRARY,
                                  *
     Plaintiffs,
                                  *
vs.
                                  *    CASE NO. 4:17-CV-191 (CDL)
LANDTEK, INC. and LUCIEN
LONGLAIS,                         *

     Defendants.                  *
```

O R D E R

Plaintiffs Benny Johnson and Dalton Ray Johnson and opt-in Plaintiff Daniel McCrary seek to recover unpaid overtime compensation from their former employer, Defendant Landtek, Inc., under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). They also contend that Landtek's owner, Defendant Lucien Longlais, was their "employer" as defined by the FLSA. Presently pending before the Court are the parties' cross-motions for partial summary judgment. As discussed below, the Court grants in part and denies in part Plaintiffs' motion (ECF No. 19) and denies Defendants' motion (ECF No. 14). Defendants' motion for leave to amend their Answers (No. 25) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND[1]

Landtek is a landscaping business. Longlais is Landtek's CEO, CFO, secretary, and sole owner. Although Longlais delegated some managerial responsibilities to Benny Johnson, Longlais is the operations manager for Landtek and manages the day-to-day operations of the company; he handles the office work, processes payments, bills customers, communicates with customers about their requirements, bids on new jobs, and communicates with his managers regarding the "day-to-day infield operations." Longlais Dep. 9:14-21, 10:12-17, ECF No. 21.

---

[1] Defendants' response to Plaintiffs' summary judgment motion was due on August 1, 2018, but Defendants did not file the response until August 3, 2018 and did not seek an extension of the deadline. Plaintiffs pointed out that Defendants' response was untimely, but they did not object to it on that ground, and the Court will consider it. Counsel is encouraged to review the current version of Federal Rule of Civil Procedure 6(d), as well as Local Rules 6.3 and 7.2.

Longlais has the authority to hire and fire laborers and supervisors, approve payroll, approve pay rates, and make other policies for Landtek.  Longlais Dep. 20:19-23, 38:7-11, 40:1-7, 69:9-15; *see also* Longlais Answer ¶ 6, ECF No. 8 (admitting that Longlais has this authority).  Longlais creates the schedule of landscaping jobs, including the number of workers scheduled on each crew and the amount of time to spend on each job.  Longlais Dep. 16:7-25, 34:18-19.  Longlais spoke with Landtek's general manager, Benny Johnson, several times each day and gave him instructions on what to do or what not to do.  B. Johnson Dep. 36:2-18, ECF No. 18.  Longlais is also responsible for Landtek's wage and overtime policies.  Longlais Answer ¶ 6 (admitting that Longlais has this authority).

In 2015, Landtek hired Comp Solutions Group, Inc. to provide "management, administrative, [and] workers' compensation services."  Defs.' Mot. for Summ. J. Attach. 10, Administrative Service Organization Agreement 1, ECF No. 14-10.  Under the agreement, Landtek retained primary responsibility for employment decisions like hiring, firing, work hours, conditions of employment, and setting employee pay.  *Id.*  Comp Solutions provided payroll and workers' compensation services.  *Id.*

Landtek hired Benny Johnson as a project manager.  Benny Johnson later became general manager of Landtek.  Benny Johnson does not dispute that his daily work consisted primarily of

3

supervisory tasks. Benny Johnson was responsible for reviewing employees' time sheets and making sure the hours were paid. B. Johnson Dep. 23:3-13. Each morning, Benny Johnson looked over the employees' schedules and gave them their schedules for the day. *Id.* at 34:1-9. He was also responsible for quality control and handling customer complaints. *Id.* at 34:15-19. Benny Johnson was paid $500 per week in 2014, $550 per week in 2015, $650 per week in 2016, and $525 per week in 2017. *Id.* at 18:20-19:22. He did not receive overtime compensation. At various times, Landtek made deductions from Benny Johnson's paycheck. *See* Pls.' Resp. to Defs.' Statement of Material Facts Ex. A, Paycheck Stubs 1, ECF No. 23-2 at 2 (listing year-to-date "Misc Ded" of $435 in December 2014); *id.* at 2, ECF No. 23-2 at 3 (listing year-to-date "Misc Ded" of $771.20 in September 2015); *id.* at 8, ECF No. 23-2 at 9 (listing year-to-date "Misc Ded" of $1,027.01 in December 2016). Plaintiffs acknowledge that Defendants have taken the position that Benny Johnson used a Landtek credit card for personal reasons and authorized deductions from his paycheck to cover those expenses, though Defendants did not address this issue in their summary judgment briefing. Benny Johnson asserts that these deductions were improper because he does not recall authorizing them and because he did not incur some of the expenses for which the deductions were made. B. Johnson Dep. 56:13-24, 70:2-71:2.

Dalton Ray Johnson and Daniel McCrary worked as supervisors of Landtek's work crews. It is undisputed that they were paid a fixed amount per week and did not receive overtime compensation. Longlais testified that Dalton Ray Johnson and Daniel McCrary were not considered exempt employees and that they were entitled to overtime compensation. Longlais Dep. 27:3-12.

Landtek kept daily records showing the jobs each crew worked and how much time each job took. Pls.' Mot. for Summ. J. Ex. D, Crew Timesheets, ECF No. 19-6. In summer months, supervisors typically arrived to work by 7:00 a.m., although Landtek did not start paying them until they began work on the first jobsite at 8:30 a.m. Longlais Dep. 34:2-35:17. Dalton Ray Johnson completed timesheets, but those timesheets only indicated whether he was at work on a given day, not how many hours he worked. B. Johnson Dep. 46:10-25.

Before Plaintiffs filed this action, Longlais did not consult an attorney or the Department of Labor regarding Landtek's pay practices, although he did consult with Landtek's payroll services providers. Longlais Dep. 21:23-23:15.

Plaintiffs Benny Johnson and Dalton Ray Johnson filed this action on September 20, 2017. Daniel McCrary filed his consent to join this action on September 22, 2017.

DISCUSSION

Defendants moved for summary judgment on two issues: (1) Longlais is not an employer under the FLSA and (2) Benny Johnson was an exempt employee.  Plaintiffs moved for summary judgment on five issues: (1) Defendants waived any exemption defense, (2) Dalton Ray Johnson and Daniel McCrary are entitled to overtime compensation for any overtime worked, (3) any failure to pay Dalton Ray Johnson and Daniel McCrary overtime was willful, (4) all Plaintiffs are entitled to liquidated damages, and (5) Longlais is an employer under the FLSA.  The Court addresses each issue below.

**I.   Was Longlais an "Employer"?**

Plaintiffs contend that the present record establishes as a matter of law that Longlais was an "employer" within the meaning of the FLSA.  Longlais argues that the present record establishes as a matter of law that Longlais was *not* an employer.  The FLSA broadly defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "A corporate officer is personally liable as an FLSA employer if he has 'operational control of a corporation's covered enterprise,' which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue."  *Moore*

*v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)).

In their Complaint, Plaintiffs alleged that Longlais "regularly exercised authority on behalf of" Landtek and "at all times during Plaintiffs' employment was an employer as defined by 29 U.S.C. § 203 et seq." Compl. ¶ 10. Longlais admitted this allegation. Longlais Answer ¶ 10, ECF No. 8. Defendants now argue that Longlais admitted ¶ 10 of the Complaint only to the extent that Longlais exercised authority on behalf of Landtek, but his Answer is inconsistent with this argument: "Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint." *Id.* Thus, Longlais admitted all the allegations in ¶ 10.[2] And, although Longlais moved to amend his Answer to add an affirmative defense, he did not seek to amend this portion of his Answer. *See* Defs.' Mot. for Leave to File Am. Answers Ex. B, Longlais Proposed Am. Answer ¶ 10, ECF No. 25-2. Longlais is bound by the admissions in his Answer. *See, e.g., Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 804 (11th Cir. 2011) (per curiam). Therefore, Longlais was an employer under the FLSA.

---

[2] Longlais also stated, "Except as expressly admitted, any remaining allegations contained in this Paragraph of Plaintiffs' Complaint are denied." Longlais Answer ¶ 10. But Longlais generally admitted the allegations in ¶ 10 and did not expressly admit only a portion of them, so it is unclear why he included this sentence.

Even if Longlais had not admitted that he was an employer, the present record establishes that he controlled Landtek. Longlais may not personally mow lawns or communicate directly with laborers, but the present record establishes that he controlled virtually every aspect of the business during the timeframe relevant to this action. Longlais was the sole owner of Landtek, and he was its CEO, CFO, and operations manager. Running Landtek was his full time job, and he performed work for Landtek on a daily basis. He handled the day-to-day business operations of the company, including payment processing and billing. He generated new business for Landtek and communicated with customers about their landscaping goals. He hired and fired employees, approved payroll, and approved pay rates. He made Landtek's policies, including its wage and overtime policies. Although Longlais did not personally distribute the schedule to the employees each day, he was responsible for making it; he determined which laborers worked on each job and how much time they should spend. And although Longlais did not directly supervise the laborers, he gave their manager, Benny Johnson, specific instructions on what the laborers should do. In summary, based on the present record, Longlais made all major decisions regarding Landtek's business affairs. Accordingly, he exercised operational control over Landtek and was an employer within the meaning of the FLSA.

Longlais nonetheless argues that he cannot be considered an employer because he hired a vendor to provide payroll and workers' compensation services and hired a general manager to implement his policies and supervise the laborers. But these facts do not create a fact question on whether Longlais had operational control of Landtek, and Longlais did not point to any evidence to dispute that he exercised control over Landtek's business operations and its wage and overtime policies. For these reasons, and because Longlais admitted in his Answer that he was an employer under the FLSA, Plaintiffs are entitled to summary judgment on this issue and Longlais is not.

**II. Were Plaintiffs Exempt Employees?**

The FLSA requires employers to pay an overtime premium to employees who work more than forty hours in a workweek. *See* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees . . ., for a workweek longer than forty hours unless such employee receives [overtime] compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed."). There are exceptions to this rule; employers are *not* required to pay the overtime premium to any employee who is "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). If an FLSA exemption applies, the employer may assert it as an affirmative defense. "The exemptions 'are to be construed narrowly,' and

9

the employer shoulders the burden of establishing that it is entitled to an exemption." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008) (quoting *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 965 (11th Cir. 1997)).

### A. Was Benny Johnson an Exempt Employee?

Defendants argue that Benny Johnson was an exempt employee and that the present record establishes this issue as a matter of law. Benny Johnson contends that Defendants waived this defense and that even if they did not, there is a genuine fact dispute on this issue.

#### *1. Did Defendants Waive the Exemption Defense?*

Under Federal Rule of Civil Procedure 8(c), a party must assert an affirmative defense in responding to a pleading; failure to do so generally constitutes waiver of the defense. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("[W]hen a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial."). The purpose of this rule is "to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate" it. *Bergquist v. Fid. Info. Servs., Inc.*, 197 F. App'x 813, 815 (11th Cir. 2006) (quoting *Hassan*, 842 F.2d at 263). "When a plaintiff has notice that an affirmative defense

will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue." *Id.* (quoting *Hassan*, 842 F.2d at 263). In *Bergquist*, for example, the Eleventh Circuit found that the district court did not abuse its discretion in considering a defendant's FLSA exemption affirmative defense because the plaintiff was "clearly on notice" that the "exemption was a central issue of dispute between the parties." *Id.* at 816.

Here, Defendants did not raise the exemption defense as an affirmative defense in their Answers, but they did deny that Benny Johnson was entitled to any overtime compensation because "he was a supervisor and a salaried employee." Landtek Answer ¶ 20, ECF No. 7; Longlais Answer ¶ 20. In response to Plaintiffs' requests for admissions, Defendants denied that Benny Johnson was entitled to overtime pay because he was a supervisor. Defs.' Resp. to Pls.' Mot. for Summ. J. Ex. A, Defs.' Resp. to Pls.' Reqs. for Admis. ¶ 2, ECF No. 27-1 at 3. And in response to Plaintiffs' interrogatory seeking the reason for Defendants' decision not to pay Plaintiffs overtime, Defendants responded that Benny Johnson was a supervisor and a salaried employee. Defs.' Resp. to Pls.' Mot. for Summ. J. Ex. A, Defs.' Resp. to Pls.' Interrogs. ¶ 3, ECF No. 27-1 at 12.

11

Because Defendants asserted in their Answers and again in their discovery responses that Benny Johnson was not entitled to overtime pay because he was a salaried supervisor, Plaintiffs should have been on notice that Defendants intended to raise an exemption defense as to Benny Johnson. Therefore, the Court concludes that Defendants did not waive the exemption affirmative defense as to Benny Johnson, and Defendants' motion for leave to amend their Answers to add the affirmative defense (ECF No. 25) is granted.

> *2. Is there a Genuine Fact Dispute on Whether Benny Johnson was an Exempt Employee?*

Defendants assert that the present record establishes as a matter of law that Benny Johnson was employed in a bona fide administrative capacity and was thus not entitled to overtime pay. Plaintiffs argue that there is a genuine fact dispute on this issue.

The federal regulations define "employee employed in a bona fide administrative capacity" as an employee who is "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week . . ., exclusive of board, lodging or other facilities . . . [w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and . . . [w]hose primary duty includes the exercise

of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.[3] There is no dispute that Benny Johnson's primary responsibilities were to supervise Landtek's laborers and help manage Landtek's operations. There is also no dispute that his primary duties included the exercise of discretion and independent judgment. Benny Johnson argues, however, that there is a genuine fact dispute on whether he was paid on a "salary basis."

An employee is paid on a "salary basis" if he "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).[4] Subject to certain exceptions, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." *Id.* "An employee is not paid

---

[3] The parties agree that this version of 29 C.F.R. § 541.200 applies here, and the Court assumes for purposes of this motion only that this is the correct version of the regulation. The regulation was amended, effective December 1, 2016, to update the required salary amount, but a U.S. District Judge in the Eastern District of Texas issued a nationwide injunction enjoining the U.S. Department of Labor from implementing the 2016 amendment. *Nevada v. U.S. Dep't of Labor*, 218 F. Supp. 3d 520, 534 (E.D. Tex. 2016).

[4] Like 29 C.F.R. § 541.200, discussed *supra* n.3, 29 C.F.R. § 541.602 was updated, effective December 1, 2016, but implementation of that amendment was enjoined. *U.S. Dep't of Labor*, 218 F. Supp. 3d at 534. The Court assumes for purposes of this motion only that the pre-December 1, 2016 regulation, which is the version relied on by the parties, applies.

13

on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business." *Id.* An employer may, however, make deductions for certain absences, including absences for personal reasons and absences due to sickness or disability if the deduction is made in accordance with a bona fide leave plan. 29 C.F.R. § 541.602(b). An employer may also make deductions as a penalty for safety rule infractions or in connection with a disciplinary suspension. *Id.*

If an employer makes deductions for employee absences that do not fall within any of the exceptions to the salary-basis requirement, then those deductions are improper. "An employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). "An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis." *Id.* The employer loses the exemption only "during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions." 29 C.F.R. § 541.603(b).

In this case, Plaintiffs pointed to evidence that Benny Johnson did not authorize certain deductions that Landtek made from his paycheck or incur some of the expenses for which they were allegedly made. Plaintiffs acknowledge that Defendants have taken the position that the deductions were proper because that is how Benny Johnson reimbursed Landtek for his personal expenses that had been paid by the company. Accordingly, there is a fact dispute on whether the deductions were improper, and a jury must decide whether the facts demonstrate that Defendants did not intend to pay Benny Johnson on a salary basis and, if so, for which time periods. Defendants are not entitled to summary judgment on this issue.

B. <u>Were Dalton Ray Johnson and Daniel McCrary Exempt Employees?</u>

Plaintiffs argue that Defendants waived any exemption defense they may have asserted as to Dalton Ray Johnson and Daniel McCrary, so the Court should conclude that these Plaintiffs were non-exempt employees as a matter of law. Defendants did not respond to this argument. Defendants did not assert an exemption affirmative defense in their Answers as to Dalton Ray Johnson or Daniel McCrary, they did not seek to amend their Answers to include such an affirmative defense as to these Plaintiffs, they did not argue in their summary judgment briefing that these two Plaintiffs were exempt employees, and

15

Longlais testified that these two Plaintiffs were not considered exempt employees. Based on this record, there is no indication that Defendants intend to raise the exemption affirmative defense as to Dalton Ray Johnson and Daniel McCrary. Accordingly, Defendants shall not be permitted to present evidence on this issue at trial and will thus not be able to meet their burden of proving that that Dalton Ray Johnson and Daniel McCrary were exempt employees.

### III. Are Dalton Ray Johnson and Daniel McCrary Entitled to Overtime Compensation as a Matter of Law?

Dalton Ray Johnson and Daniel McCrary argue that they are entitled to overtime compensation as a matter of law given that Defendants will not be able to prove an exemption affirmative defense for these two Plaintiffs. But as Plaintiffs acknowledge, there is a genuine fact dispute on whether Dalton Ray Johnson and Daniel McCrary worked more than forty hours during any given workweek. Dalton Ray Johnson and Daniel McCrary did not record their hours; their timesheets just contain a checkmark indicating that they were present for eight hours per day. On the other hand, Landtek's daily records suggest that the work crews often spent more than eight hours per day on a job, and Longlais testified that the supervisors usually arrived at work to prepare for the day at least an hour before they went to their jobsites. A jury must evaluate the

16

evidence and determine if Dalton Ray Johnson and Daniel McCrary worked more than forty hours during any given workweek. Summary judgment is not appropriate on this issue. In light of this ruling, the Court cannot conclude *as a matter of law* that any failure to pay Plaintiffs overtime compensation was willful or that Plaintiffs are entitled to liquidated damages.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Plaintiffs' motion (ECF No. 19) and denies Defendants' motion (ECF No. 14). Defendants' motion for leave to amend their Answers (No. 25) to add the exemption affirmative defense as to Benny Johnson. Defendants shall file their amended Answers within seven days.

IT IS SO ORDERED, this 20th day of August, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

17